IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JUAN MARGARIT SOSA,

    Plaintiff,

v.                                                    Civil Action No. 5:17CV31
                                                            (STAMP)
EDDIE ANDERSON, D.O.,
FCI Gilmer,
RUTHIE CARSON, Registered Nurse,
FCI Gilmer,
D. HERN, Registered Nurse,
FCI Gilmer,
ANDREA SMITH-POSEY, Registered Nurse,
FCI Gilmer,
JOHANN LEHMANN, Physician Assistant,
FCI Gilmer and
T. SAVIDGE, Medical Doctor/Clinical Director,
FCI Gilmer,

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**
**AND GRANTING RESPONDENT'S MOTION**
**TO DISMISS OR FOR SUMMARY JUDGMENT**

I.  Background

The pro se[1] plaintiff filed this civil action on March 20, 2017, asserting claims against defendants under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971). The complaint arises out of events during the plaintiff's incarceration at FCI Gilmer, where the defendants are employed. ECF No. 1 at 1-3. The plaintiff alleges that he received traumatic injuries to

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

the head as a result of being attacked by other inmates at FCI Gilmer on March 10, 2014. Plaintiff now brings a claim of deliberate indifference to serious medical needs based on the defendants' alleged failure to provide adequate medical care following that incident. ECF No. 1 at 7-9. The plaintiff alleges that, as a result of the defendants' failure, he has suffered a host of psychiatric problems, permanent facial deformity, and pain and suffering. ECF No. 1 at 7-9. The plaintiff requests relief in the form of $6,000,000.00 in compensatory damages and $12,000,000.00 in punitive damages against each defendant. ECF No. 1 at 7-9.

In response, the defendants filed a motion to dismiss or, alternatively, for summary judgment. ECF No. 27. The defendants argue that the complaint should be dismissed for three reasons. First, they argue the complaint is untimely. ECF No. 28 at 8. The defendants note that state law supplies the statute of limitations in a Bivens action, and that here, the statute of limitations under West Virginia law is two years. ECF No. 28 at 9. Because the plaintiff's complaint relates to medical care he received at FCI Gilmer, the defendants argue that the latest the statute of limitations could begin is the last day the plaintiff was incarcerated at FCI Gilmer: June 10, 2014. ECF No. 28 at 9. Thus, the defendants contend that the plaintiff had until June 10, 2016 to file his complaint. ECF No. 28 at 9.

Second, the defendants argue the plaintiff has not exhausted administrative remedies. ECF No. 28 at 13. The defendants argue that although the plaintiff filed three grievances with the Federal Bureau of Prisons ("BOP"), he never filed an institutional grievance at FCI Gilmer despite receiving specific instructions about the process. ECF No. 28 at 14-15. Further, the defendants contend that the plaintiff has not shown that he was prevented from pursuing administrative remedies. ECF No. 28 at 15-16.

Finally, the defendants argue that the plaintiff failed to plead a cognizable legal claim. ECF No. 28 at 16. The defendants note that "[d]eliberate indifference is more than negligence"; it requires that a prison official "specifically knows about and purposely disregards an excessive risk to inmate health or safety." ECF No. 28 at 17 (citing Farmer v. Brennan, 511 U.S. 825, 835 (1994)). Defendants contend, at most, that plaintiff's complaint demonstrates that he disagreed with the decisions made by the medical staff at FCI Gilmer. ECF No. 28 at 19.

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule of Prisoner Litigation 2, this case was referred to United States Magistrate Judge Michael John Aloi. The magistrate judge entered a report and recommendation. ECF No. 33. In that recommendation, the magistrate judge found that although the complaint was filed after the statute of limitations had passed, the statute of limitations is tolled while a prisoner is exhausting administrative

remedies. ECF No. 33 at 24 (citing Lopez v. S.C.D.C., No. 3:06251-PMD-JRM, 2007 WL 2021875 *2 (D.S.C. 2007)). However, the magistrate judge found that the plaintiff did not complete the grievance process with the BOP, and thus is not entitled to tolling of the statute of limitations. ECF No. 33 at 24. The magistrate judge found that the plaintiff filed his claim two years, eight months, and ten days after leaving FCI Gilmer. ECF No. 33 at 24. Further, the magistrate judge found that even if the plaintiff's claims were not time barred, they are not supported by the record. ECF No. 33 at 24. Accordingly, the magistrate judge recommended that the defendants' motion to dismiss, or, alternatively, for summary judgment be granted and the plaintiff's complaint be denied and dismissed with prejudice. ECF No. 33 at 25.

The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within 14 days after being served a copy of the report and recommendation. Neither party filed any objections to the report and recommendation.

For the reasons that follow, this Court finds that the report and recommendation of the magistrate judge should be adopted in its entirety.

## II. Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation

4

to which objection is timely made. Because the plaintiff did not file any objections to the report and recommendation, the magistrate judge's findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

### III. Discussion

After reviewing the parties' filings and the record, this Court is not "left with the definite and firm conviction that a mistake has been committed" by the magistrate judge. United States v. Gypsum Co., 333 U.S. at 395. The magistrate judge correctly held the pro se complaint to less stringent standards than those complaints drafted by attorneys. See Haines v. Kerner, 404 U.S. 519, 520 (1972). Upon review, the magistrate judge correctly determined that the plaintiff is not entitled to tolling of the statute of limitations because he did not complete the BOP's grievance process. ECF No. 33 at 24. Thus, the statute of limitations began on June 10, 2014, and the plaintiff's complaint, filed on March 20, 2017, is untimely. ECF No. 33 at 24. Therefore, the magistrate judge correctly determined that the complaint must be dismissed with prejudice. ECF No. 33 at 25.

This Court has reviewed the record and the report and recommendation and finds that the findings of the magistrate judge are not clearly erroneous. Accordingly, the report and recommendation is affirmed and adopted in its entirety.

## IV. Conclusion

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the report and recommendation of the magistrate judge (ECF No. 33) is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, the defendants' motion to dismiss or, in the alternative, for summary judgment (ECF No. 27) is GRANTED and the plaintiff's complaint (ECF No. 1) is DISMISSED WITH PREJUDICE.

It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

Finally, this Court finds that the plaintiff was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. Because the plaintiff has failed to object, he has waived his right to seek appellate review of this matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:     July 26, 2018

                                   /s/ Frederick P. Stamp, Jr.
                                   FREDERICK P. STAMP, JR.
                                   UNITED STATES DISTRICT JUDGE